IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH FOUR REDACTED GMAIL ACCOUNTS | Case No. 3:17-mc-00395<br><br>**OPINION AND ORDER** |

**BECKERMAN, Magistrate Judge.**

The target of a search (the "Target") moves to quash warrants dated September 12, 2017, authorizing a search of four email accounts maintained by Google, Inc. ("Google"). The search warrants require Google to disclose to the government the contents of all emails associated with the four email accounts, as well as subscriber information, and authorize the government to search those emails and seize any evidence of child sex trafficking between October 1, 2016, and April 14, 2017. The warrant requires a 180-day review period during which the government must segregate responsive information and store any unresponsive information on a secure medium that cannot be reviewed again absent a subsequent court order. The Target argues that this "seize first, search second" warrant violates the Fourth Amendment and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2701 *et seq.*

PAGE 1 – OPINION AND ORDER

## I. APPLICABLE LAW

The ECPA authorizes an electronic communication service provider to disclose the contents of stored electronic communications to the government pursuant to a search warrant. 18 U.S.C. § 2703. The Fourth Amendment instructs that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons or things to be seized." U.S. Const. Amend. IV. A search warrant may authorize the seizure, and subsequent search, of electronically stored information. Fed. R. Crim. P. 41(e).

The Fourth Amendment requires that search warrants describe the place to be searched and items to be seized with sufficient particularity. To determine if a search warrant is overbroad, the Ninth Circuit considers three factors: "(1) whether probable cause exist[s] to seize all items of a category described in the warrant; (2) whether the warrant set[s] forth objective standards by which executing officers could differentiate items subject to seizure from those which were not; and (3) whether the government could have described the items more particularly in light of the information available[.]" *U.S. v. Lei Shi*, 525 F.3d 709, 731-32 (9th Cir. 2008); *see also U.S. v. Hill*, 459 F.3d 966, 975 (9th Cir. 2006) ("Although computer technology may in theory justify blanket seizures . . . , the government must still demonstrate to the magistrate [judge] *factually* why such a broad search and seizure authority is reasonable in the case at hand. . . . Thus, there must be some threshold showing before the government may 'seize the haystack to look for the needle.'") (emphasis in original).

## II. DISCUSSION

The Target moves to quash the Google search warrants on the ground that the government's "seize first, search second" warrants are overbroad in light of Google's ability to date-restrict the emails it discloses to the government. The Court agrees.

The Ninth Circuit has previously upheld the constitutionality of "seize first, search second" warrants. In *U.S. v. Flores*, 802 F.3d 1028, 1044-45 (9th Cir. 2015), a defendant challenged a warrant authorizing a search of her Facebook account on overbreadth grounds. Like the warrant at issue here, the Facebook warrant required Facebook to disclose to the government the account owner's entire Facebook account, and authorized the government to search the account in its entirety and seize any responsive information. *Id.* at 1046. The Ninth Circuit held that the search warrant was not overbroad, noting that the "warrant allowed the government to search only the Facebook account associated with [the target's] name and email address" and "authorized the government to seize only evidence of violations of" drug trafficking offenses. *Id.* at 1044 (but not reaching the question of whether the warrant was overbroad for lack of a date restriction, because the only Facebook messages introduced at trial were within the date range in which the government had demonstrated probable cause to search). Responding to the same "over-seizing" argument that the Target advances here, the Ninth Circuit noted that "'over-seizing' is an accepted reality in electronic searching because '[t]here is no way to be sure exactly what an electronic file contains without somehow examining its contents.'" *Id.* at 1044-45 (citation omitted).

That "accepted reality" has evolved. The Target asserts, and the government does not dispute, that Google is now willing and able to date-restrict the email content it discloses to the government. *See* Reply to Gov't Response at 7 n.2 (linking to Google's Youtube video explaining that Google is able to provide date-restricted data in response to search warrants); *see also In re Redacted@gmail.com*, 62 F. Supp. 3d 1100, 1103 n.4 (N.D. Cal. 2014) ("At https://www.youtube.com/watch?v=MeKKHxcJfh0, Google provides a very clever stop-animation description of how it says it typically responds."). In other words, Google is capable of

producing to the government a much smaller haystack to search: only emails restricted to the probable cause time period of October 1, 2016, to April 14, 2017, rather than every email dating back to the creation of the email accounts. It is no longer a necessary evil to order Google to disclose to the government emails the government does not have probable cause to search. In light of this development, the government now appears to acknowledge that it "wants Google to limit their production to [the date range] the search warrant authorizes." (Gov't Supp. Resp. at 2.)[1]

The Court finds that the search warrants challenged here, which require Google to disclose to the government the "contents of all emails associated with the Email Account[s,]" are overbroad because it is unreasonable to compel a provider to disclose every email in its client's account when the provider is able to disclose only those emails the government has probable cause to search. *See In the Matter of the Search of Google Email Accts. Identified in Attach. A*, 92 F. Supp. 3d 944, 946 (D. Alaska 2015) (denying two-step Google search warrant application as overbroad where although "the government promises to limit its search to the relevant date ranges, nothing in the proposed warrant precludes its agents from perusing other email content regardless how remote or how unrelated that content may be to the current investigation"); *In re Redacted@gmail.com*, 62 F. Supp. 3d at 1104 (denying two-step Google search warrant application and stating that "[t]he court is nevertheless unpersuaded that the particular seize first, search second [warrant] proposed here is reasonable in the Fourth Amendment sense of the word"); *U.S. v. Matter of Search of Info. Assoc. with Fifteen Email Addresses*, No. 2:17-CM-3152-WC, 2017 WL 4322826, at *7, 11 (M.D. Ala. Sept. 28, 2017) (holding that "the

---

[1] Indeed, receiving the smaller and more relevant universe of emails should be of benefit to the government, as it requires less time and expense to search, reduces storage costs, and simplifies the government's discovery obligations.

Government's current request for *all* data related to *all* the [Google and other] email accounts is too broad" and ordering the government to include "a date restriction on the data to be turned over by the provider based on an individualized assessment of the accompanying probable cause evidence for each email account") (emphasis in original).[2]

Accordingly, the Court GRANTS the Target's motion to quash the Google search warrants. The Clerk shall file a copy of this order on the public docket, but the search warrants and all other documents and filings relating to the search warrants shall remain under seal.

**IT IS SO ORDERED.**

DATED this 16th day of March, 2018.

*(signature)*

STACIE F. BECKERMAN
United States Magistrate Judge

---

[2] The Target also challenges the search warrants on the ground that they allow the government to retain indefinitely even the email account information the government did not have probable cause to search. In light of this order quashing the search warrants as overbroad, the Court need not reach that issue.